IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK KRECKOW,
on behalf of himself and those similarly situated,

                Plaintiff,

v.

UPS GROUND FREIGHT, INC.,

                Defendant.

ORDER

08-cv-199-slc

---

Plaintiff Derek Kreckow contends that defendant UPS Ground Freight, Inc. is violating Wisconsin law by deducting 30-minute lunch breaks from his pay check even when he doesn't take a break. Defendant has moved for partial summary judgment on a question related to the proper statute of limitations, but before the court can resolve that question, plaintiff must show that jurisdiction exists to hear his claim.

Plaintiff relies solely on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy greater than $75,000. The parties in this case follow in the footsteps of many who have come before them by failing to propose facts showing these requirements are met. Neither party raises the issue of jurisdiction, but federal courts have an independent obligation to ensure that subject matter jurisdiction is present, *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1237 (2006), so I cannot ignore it.

Defendant's principal place of business is in Virginia and plaintiff is a resident of Wisconsin, but neither of these facts is enough to establish the party's citizenship. The citizenship of a corporation is determined by the principal place of business *and* the state of

incorporation. *Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 740-43 (7th Cir. 2004). An individual's citizenship is determined not by his "residency," but by his domicile, which is where he intends to live for the foreseeable future. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

The parties might deem these distinctions overly punctilious; the Court of Appeals for the Seventh Circuit would disagree. *E.g., Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[R]esidence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction."); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998) ("An allegation of residence is inadequate."). In fact, the court of appeals has repeatedly chastised (and sanctioned) litigants in published opinions for similar deficiencies while lamenting the parties' "insouciance regarding the existence of federal jurisdiction." *May Dept. Stores Co. v. Federal Insurance Co.*, 305 F.3d 597, 598 (7th Cir. 2002). *See also Smoot v. Mazda Motors of America, Inc.*, 469 F.3d 675, 677-78 (7th Cir. 2006) (calling it "malpractice" to fail to set forth inadequate jurisdictional statement); *BondPro Corp. v. Siemens Power Generation Corp.*, 466 F.3d 562 (7th Cir. 2006) (sanctioning lawyers $1000 for inadequate jurisdictional statement); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-93 (7th Cir. 2003).

These geographical deficiencies in the pleadings likely are remediable, but then we have a damages threshold problem: neither party proposed any facts suggesting that the amount in controversy is greater than $75,000. This might be harder to remedy because the claim in this case relates to unpaid lunch breaks over a limited period of time. If the parties believe that the jurisdictional amount can be satisfied by aggregating the potential claims of absent class

members, they are wrong: the rule for 35 years has been that at least one named plaintiff must independently satisfy the amount in controversy requirement in a class action. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 566 (2005); *Zahn v. International Paper Co.*, 414 U.S. 291 (1973). *See also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) ("In a class action, the amount in controversy must be satisfied by one of the named plaintiffs; aggregating claims is not allowed for purposes of determining the jurisdictional amount.")

As the proponent of jurisdiction, it is plaintiff's burden to show that the requirements of § 1332 are met. Accordingly, IT IS ORDERED that plaintiff may have until October 17, 2008, to supplement its summary judgment materials with evidence showing that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000. If he fails to do so, then I will dismiss the case for lack of subject matter jurisdiction.

Entered this 9th day of October, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge