IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK KRECKOW, on behalf of
himself and those similarly situated,

                ORDER

        Plaintiff,

v.                                    08-cv-199-slc

UPS GROUND FREIGHT, INC.,

        Defendant.

---

In a previous order, I directed plaintiff Derek Kreckow to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Although plaintiff's sole basis for jurisdiction is 28 U.S.C. § 1332, he failed to propose facts showing that the parties' citizenship is diverse or that the amount in controversy is greater than $75,000.

Plaintiff's response to the order is a little surprising. He has not even attempted to show that diversity jurisdiction exists, but instead has filed a motion in which he asks the court to "stay" an order to dismiss the case for 30 days "in order to toll any applicable statutes of limitations and give the affected individuals the opportunity to refile their claims in State court."

Plaintiff's two-paragraph motion rests on several unstated premises: (1) that a federal court may keep a case open after it has determined that subject matter jurisdiction is lacking; (2) that this court has authority to toll the statute of limitations for plaintiff's state law claim; (3) that "staying" a dismissal will have the effect of tolling the limitations period; and (4) that plaintiff has shown that equitable tolling is appropriate. Each of these premises is questionable.

The only controlling authority plaintiff cites for his motion is 28 U.S.C. § 1367(d), which tolls the limitations period for state law claims while they are proceeding in federal court under

supplemental jurisdiction and for an additional 30 days after any federal claims are dismissed, and *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), in which the Supreme Court held that equitable tolling is appropriate for claims of absent class members after a motion for class certification is denied.  The citation to § 1367(d) hurts plaintiff's argument more than it helps because it highlights the absence of a tolling provision in § 1332; plaintiff points to no authority that would permit this court to fill the gap left in § 1332 through judicial fiat. Similarly, *American Pipe* had nothing to do with cases that are dismissed for lack of jurisdiction. Even if it did, plaintiff would be making the argument to the wrong court.  If plaintiff believes that the state court should "relate back" his complaint to the date he filed the federal lawsuit, then he must persuade the state court of this view. This court has no authority to tell the state court how it must rule in the context of its own cases.

In any event, even if I concluded that tolling or a stay was appropriate, I could not grant plaintiff's motion.  Plaintiff has failed to show that this case meets the requirements of § 1332, which means that this court lacks subject matter jurisdiction.  Once a court determines that it has no jurisdiction, it must dismiss the case immediately.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")  An absence of jurisdiction means an absence of power to control the case.  *Storm v. Storm,* 328 F.3d 941, 943 (7th Cir. 2003) ("[T]he existence of subject matter jurisdiction goes to the ultimate question of whether the federal courts have the power to entertain and decide a case.")  I cannot on the one hand conclude that the court has no power to resolve the parties' dispute while on the other hand issue an order that purports to influence not only the rights of the parties but the power of another court as well. *Craig v. Ontario Corp.*, ___ F. 3d ____, 2008

2

WL 4149718, * 2 (7th Cir. Sep. 10, 2008) ("Subject-matter jurisdiction is . . . central to the district court's power to issue any orders whatsoever.")  If plaintiff is worried about the limitations period for his claim, then he should refile the claim in state court without delay.

ORDER

IT IS ORDERED that this case is DISMISSED for lack of subject matter jurisdiction.

Entered this 27th day of October, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge